IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| CALVIN MAYS, #150299, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:11-CV-694-CSC |
| ) | [WO] |
| ) | |
| MARIANNE BAKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is before the court on claims presented by Calvin Mays ["Mays"], an indigent state inmate confined at Kilby Correctional Facility, challenging the medical treatment provided to him for chronic pain in his hands which emanates through his body. *Complaint - Doc. No. 1* at 3. Mays identifies the time frame relevant to the complaint as April 4, 2011 until August 23, 2011. *Id*. at 2. The defendants remaining in this case are Nurse Marianne Baker, Health Administrator Dallas Diaz and CMS Medical Services. Mays seeks declaratory relief, provision of "proper medical care" and monetary damages for the alleged violation of his constitutional rights. *Id*. at 4.

The defendants filed a special report, relevant supporting evidentiary materials, including affidavits and certified copies of Mays' medical records, addressing his claim of deliberate indifference. Pursuant to the orders entered in this case, the court deems it appropriate to construe the special report as a motion for summary judgment. *Order of January 4, 2012 - Doc.*

*No. 27*.  Thus, this case is now pending on the defendants' motion for summary judgment.  Upon consideration of this motion, the evidentiary materials filed in support thereof and the plaintiff's response, the court concludes that the defendants' motion for summary judgment is due to be granted.

## II.  STANDARD OF REVIEW

"Summary judgment is appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show there is no genuine [dispute] as to any material fact and that the moving party is entitled to judgment as a matter of law.'"  *Greenberg v. BellSouth Telecomm., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (citation to former rule omitted); Fed.R.Civ.P. Rule 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").[1]  The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the [record, including pleadings, discovery materials and affidavits], which it believes demonstrate the absence of a genuine issue [- now dispute -] of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  The movant may meet this burden by presenting evidence indicating there is no dispute of material fact or by showing

---

[1]Effective December 1, 2010, Rule 56 was "revised to improve the procedures for presenting and deciding summary-judgment motions."  Fed.R.Civ.P. 56 Advisory Committee Notes.  Under this revision, "[s]ubdivision (a) carries forward the summary-judgment standard expressed in former subdivision (c), changing only one word -- genuine 'issue' becomes genuine 'dispute.'  'Dispute' better reflects the focus of a summary-judgment determination."  *Id*.  "'Shall' is also restored to express the direction to grant summary judgment."  *Id*.  Thus, although Rule 56 underwent stylistic changes, its substance remains the same and, therefore, all cases citing prior versions of the rule remain equally applicable to the current version of the rule.

that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

The defendants have met their evidentiary burden and demonstrated the absence of any genuine dispute of material fact. Thus, the burden shifts to the plaintiff to establish, with appropriate evidence beyond the pleadings, that a genuine dispute material to his case exists. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991); *Celotex*, 477 U.S. at 324; Fed.R.Civ.P. 56(e)(3) ("If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact by [citing to materials in the record including affidavits, relevant documents or other materials] the court may ... grant summary judgment if the motion and supporting materials -- including the facts considered undisputed -- show that the movant is entitled to it."). A genuine dispute of material fact exists when the nonmoving party produces evidence that would allow a reasonable fact-finder to return a verdict in its favor. *Greenberg*, 498 F.3d at 1263.

> In civil actions filed by inmates, federal courts
>
> must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of [prison medical personnel]. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530, 126 S.Ct. 2572, 2578, 165 L.Ed.2d 697 (2006) (internal citation omitted). Consequently, to survive the defendants' properly supported motion for summary judgment, Mays is required to produce "sufficient [favorable] evidence" which would be admissible at trial supporting his claim of a constitutional violation. *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 249 (1986); Rule 56(e), *Federal Rules of Civil Procedure*. "If the evidence [on which the nonmoving party relies] is merely colorable ... or is not significantly probative ... summary judgment may be granted." *Id*. at 249-250. "A mere 'scintilla' of evidence supporting the opposing party's position will not suffice; there must be enough of a showing that the [trier of fact] could reasonably find for that party. *Anderson v. Liberty Lobby*, 477 U.S. 242, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986)." *Walker v. Darby*, 911 F.2d 1573, 1576-1577 (11th Cir. 1990). Conclusory allegations based on subjective beliefs are likewise insufficient to create a genuine dispute of material fact and, therefore, do not suffice to oppose a motion for summary judgment. *Holifield v. Reno*, 115 F.3d 1555, 1564 n.6 (11th Cir. 1997) (A plaintiff's "conclusory assertions ..., in the absence of [admissible] supporting evidence, are insufficient to withstand summary judgment."); *Harris v. Ostrout*, 65 F.3d 912, 916 (11th Cir. 1995) (grant of summary judgment appropriate where inmate produces nothing beyond "his own conclusory allegations" challenging actions of the defendants); *Fullman v. Graddick*, 739 F.2d 553, 557 (11th Cir. 1984) ("Mere verification of party's own conclusory allegations is not sufficient to oppose summary judgment...."); *Evers v. General Motors Corp.*, 770 F.2d 984, 986 (11th Cir. 1985) ("[C]onclusory allegations without specific supporting facts have no probative value."). Hence, when a plaintiff fails to set forth specific facts supported by requisite evidence sufficient to establish the existence of an element essential to his case and on which the plaintiff will bear the burden of proof at trial, summary judgment is due to be granted in favor of the moving party. *Celotex*, 477 U.S. at 322 ("[F]ailure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."); *Barnes v. Southwest*

*Forest Industries, Inc.*, 814 F.2d 607, 609 (11th Cir. 1987) (If on any part of the prima facie case the plaintiff presents insufficient evidence to require submission of the case to the trier of fact, granting of summary judgment is appropriate.).

For summary judgment purposes, only disputes involving material facts are relevant. *United States v. One Piece of Real Property Located at 5800 SW 74th Avenue, Miami, Florida*, 363 F.3d 1099, 1101 (11th Cir. 2004). What is material is determined by the substantive law applicable to the case. *Anderson*, 477 U.S. at 248; *Lofton v. Secretary of the Department of Children and Family Services*, 358 F.3d 804, 809 (11th Cir. 2004) ("Only factual disputes that are material under the substantive law governing the case will preclude entry of summary judgment."). "The mere existence of some factual dispute will not defeat summary judgment unless that factual dispute is material to an issue affecting the outcome of the case." *McCormick v. City of Fort Lauderdale*, 333 F.3d 1234, 1243 (11th Cir. 2003) (citation omitted). To demonstrate a genuine dispute of material fact, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine [dispute] for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). In cases where the evidence before the court which is admissible on its face or which can be reduced to admissible form indicates there is no genuine dispute of material fact and the party moving for summary judgment is entitled to it as a matter of law, summary judgment is proper. *Celotex*, 477 U.S. at 323-324 (summary judgment appropriate where pleadings, evidentiary materials and affidavits before the court show no genuine dispute as to

5

a requisite material fact); *Waddell v. Valley Forge Dental Associates, Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001) (To establish a genuine dispute of material fact, the nonmoving party must produce evidence such that a reasonable trier of fact could return a verdict in his favor.).

Although factual inferences must be viewed in a light most favorable to the nonmoving party and *pro se* complaints are entitled to liberal interpretation by the courts, a *pro se* litigant does not escape the burden of establishing by sufficient evidence a genuine dispute of material fact. *Beard*, 548 U.S. at 525, 126 S.Ct. at 2576; *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990). Thus, the plaintiff's *pro se* status alone does not mandate this court's disregard of elementary principles of production and proof in a civil case. In this case, Mays fails to demonstrate a requisite genuine dispute of material fact so as to preclude summary judgment. *Matsushita*, *supra*.

### III. DISCUSSION

Mays complains that from April 4, 2011 through the latter part of August of 2011 the defendants failed to provide him adequate medical treatment for chronic pain in his hands. *Complaint - Doc. No. 1* at 2-3. Specifically, Mays challenges the course of treatment undertaken by medical personnel. *Plaintiff's Response - Doc. No. 28* at 2. The defendants adamantly deny they acted with deliberate indifference to Mays' medical needs and, instead, maintain that Mays received all necessary and appropriate treatment in response to his complaints of pain.

To prevail on a claim concerning an alleged denial of adequate medical treatment, an inmate must, at a minimum, show that the defendants acted with deliberate indifference to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97 (1976); *Taylor v. Adams*, 221 F.3d 1254

6

(11th Cir. 2000); *McElligott v. Foley*, 182 F.3d 1248 (11th Cir. 1999); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989); *Rogers v. Evans*, 792 F.2d 1052, 1058 (11th Cir.1986). Specifically, medical personnel may not subject an inmate to "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle*, 429 U.S. at 106, 97 S.Ct. at 292; *Adams v. Poag*, 61 F.3d 1537, 1546 (11th Cir. 1995) (citation and internal quotations omitted) (As directed by *Estelle*, a plaintiff must establish "not merely the knowledge of a condition, but the knowledge of necessary treatment coupled with a refusal to treat or a delay in [the acknowledged necessary] treatment."

> That medical malpractice-negligence by a physician-is insufficient to form the basis of a claim for deliberate indifference is well settled. *See Estelle v. Gamble,* 429 U.S. 97, 105-07, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976); *Adams v. Poag,* 61 F.3d 1537, 1543 (11th Cir.1995). Instead, something more must be shown. Evidence must support a conclusion that a prison physician's harmful acts were intentional or reckless. *See Farmer v. Brennan,* 511 U.S. 825, 833-38, 114 S.Ct. 1970, 1977-79, 128 L.Ed.2d 811 (1994); *Cottrell v. Caldwell,* 85 F.3d 1480, 1491 (11th Cir.1996) (stating that deliberate indifference is equivalent of recklessly disregarding substantial risk of serious harm to inmate); *Adams,* 61 F.3d at 1543 (stating that plaintiff must show more than mere negligence to assert an Eighth Amendment violation); *Hill v. Dekalb Regional Youth Detention Ctr.,* 40 F.3d 1176, 1191 n. 28 (11th Cir.1994) (recognizing that Supreme Court has defined "deliberate indifference" as requiring more than mere negligence and has adopted a "subjective recklessness" standard from criminal law); *Qian v. Kautz,* 168 F.3d 949, 955 (7th Cir.1999) (stating "deliberate indifference" is synonym for intentional or reckless conduct, and that "reckless" conduct describes conduct so dangerous that deliberate nature can be inferred).

*Hinson v. Edmond*, 192 F.3d 1342, 1345 (11th Cir. 1999).

In order to properly establish "deliberate indifference to [a] serious medical need ..., Plaintiff[] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser*

7

*Int'l, Inc.*, 588 F.3d 1291, 1306-1307 (11th Cir. 2009). When seeking relief based on deliberate indifference, an inmate is required to establish "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need and an actual inference of required action from those facts." *Taylor*, 221 F.3d at 1258; *McElligott*, 182 F.3d at 1255 (for liability to attach, the official must know of and then disregard an excessive risk to the prisoner). Thus, deliberate indifference occurs only when a defendant "knows of and disregards an excessive risk to inmate health or safety; the [defendants] must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists and he must also draw the inference." *Farmer*, 511 U.S. at 837; *Johnson v. Quinones*, 145 F.3d 164, 168 (4th Cir. 1998) (a defendant must have actual knowledge of a serious condition, not just knowledge of symptoms, and ignore a known risk to the serious condition to warrant finding of deliberate indifference). Furthermore, "an official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as the infliction of punishment." *Farmer*, 511 U.S. at 838.

> In articulating the scope of inmates' right to be free from deliberate indifference, ... the Supreme Court has ... emphasized that not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' *Estelle,* 429 U.S. at 105, 97 S.Ct. at 291; *Mandel,* 888 F.2d at 787. Medical treatment violates the eighth amendment only when it is 'so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.' *Rogers,* 792 F.2d at 1058 (citation omitted). Mere incidents of negligence or malpractice do not rise to the level of constitutional violations. *See Estelle,* 429 U.S. at 106, 97 S.Ct. at 292 ('Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.'); *Mandel*, 888 F.2d at 787-88 (mere negligence or medical malpractice 'not sufficient' to constitute deliberate indifference); *Waldrop,* 871 F.2d at 1033 (mere medical malpractice does not constitute deliberate

>indifference). Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment. *See Waldrop,* 871 F.2d at 1033 (citing *Bowring v. Godwin,* 551 F.2d 44, 48 (4th Cir.1977)).

*Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir. 1991); *Taylor*, 221 F.3d at 1258 (citation and internal quotations omitted) (To show deliberate indifference to a serious medical need, a plaintiff must demonstrate that [the] defendants' response to the need was more than "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law."). Moreover, "as *Estelle* teaches, whether government actors should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment." *Adams*, 61 F.3d at 1545; *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001) ("A difference of opinion as to how a condition should be treated does not give rise to a constitutional violation."); *Hamm v. DeKalb County*, 774 F.2d 1567, 1575 (11th Cir. 1985) (mere fact inmate desires a different mode of medical treatment does not amount to deliberate indifference violative of the Constitution); *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (prison medical personnel do not violate the Eighth Amendment simply because their opinions concerning medical treatment conflict with that of the inmate-patient). Self-serving statements by a plaintiff do not create a question of fact in the face of contradictory, contemporaneously created medical records. *See Bennett v. Parker*, 898 F.2d 1530 (11th Cir. 1990).

The affidavit filed by Nurse Baker addresses the allegations made by Mays. A thorough

review of the evidentiary materials filed in this case demonstrates that this affidavit is corroborated by the objective medical records contemporaneously compiled with the treatment provided to Mays regarding the instant claim of deliberate indifference. Nurse Baker provides the following explanation of the treatment afforded Mays.

> Mr. Mays was first seen at the Health Care Unit [at Kilby] for complaints involving his left hand on August 13, 2009.
> Mr. Mays has been seen and examined on multiple occasions for complaints involving pains associated with his hands and wrists at the Health Care Unit....
> Mr. Mays ... has been prescribed medications, and has also been provided braces for both of his wrists.
> According to Mr. Mays' medical records, Mr. Mays has a long history of non-compliance with regards to his prescribed medical treatment.
> Mr. Mays is currently being treated conservatively for probable Carpal Tunnel Syndrome. However, it is difficult to ascertain the success of Mr. Mays' treatment plan due to the fact that Mr. Mays' compliance with regards to his prescribed medical plan has been sporadic at best.
> At the current time, surgical intervention is not indicated with regards to Mr. Mays probable Carpal Tunnel Syndrome. Mr. Mays' medical conditions with regards to the pain in his hands and wrists [are] being treated conservatively through the use of braces and pain medications.
> Mr. Mays medical condition will continue to be monitored and assessed as necessary.
> At no time has Mr. Mays ever been refused to be seen [for] any medical issues, specifically pertaining to his wrists and hands.
> Mr. Mays is regularly seen at the Health Care Unit by medical providers [for evaluation of his complaints]....

*Exhibit B to the Defendants' Special Report (Aff. of Marianne Baker, CRNP) - Doc. No. 18-2* at 2-3.

The court has likewise undertaken a thorough and exhaustive review of the corresponding certified medical records submitted by the defendants. These records indicate the following actions occurred in the treatment of Mays' complaints of pain during the period of time

referenced in the complaint.[2]

    1. April 4, 2011 - Mays waives medical treatment for numbness in his hands.

    2. April 11, 2011 - Evaluation of Mays for complaint of hands feeling numb. Mays advised he had suffered no injury to his neck, shoulders or head. Assessment indicated possible arthritis or cervical spurs. X-rays of cervical spine ordered. Motrin and Tylenol prescribed as needed for 30 days. Mays advised to follow-up with medical personnel the next week. *Doc. No. 18-1* at 4, 8.

    3. April 12, 2011 - Radiology report issued regarding x-rays of cervical spine/neck. "Results: The vertebral bodies demonstrate normal height and alignment. No prevertebral soft tissue swelling is seen. There is mild degenerative change present as evidenced by mild osteophytic spurring. No radiopaque foreign body is seen." *Doc. No. 18-1* at 32.

    4. April 19, 2011 - Mays examined in health care unit for follow-up appointment regarding complaints of numbness and chronic pain in his hands. X-ray report reviewed. Current treatment plan continued. *Doc. No. 18-1* at 8-9.

    5. April 20, 2011 - Dr. Hood consulted. After review of the x-ray report and Mays' medical records, Dr. Hood set forth an Alternative Treatment Plan advising medical personnel to "consider carpal tunnel syndrome, other peripheral neuropathy for evaluation of bilateral hand numbness. This is not likely from a cervical impingement or disc." *Doc. No. 18-1* at 34.

    6. May 9, 2011 - Mays examined in health care unit for continued complaints of pain and numbness in hands. Nurse Baker acknowledged Mays suffered possible carpal tunnel syndrome and neuropathy. She ordered a treatment plan of wrist braces, light duty, a follow-up appointment in 3 weeks and continuance of medications. *Doc. No. 18-1* at 7, 4. In accordance with the treatment plan, Nurse Baker issued a special needs profile to Mays for wrist braces, keep on person for 90 days, and light duty for 7 days. *Id.* at 26. She also ordered Tylenol and Motrin as needed for 60 days. *Id.* at 4.

    7. May 19, 2011 - Mays waives treatment by medical personnel. *Doc. No. 18-1* at 25.

---

[2] All citations are references to Mays' medical records which appear as Exhibit A to the Special Report filed by the defendants. *Doc. No. 18-1* at 2-44.

    8. June 28, 2011 - Mays examined in health care unit with respect to complaints of continued pain and numbness in his hands.  Nurse Baker identified the probable cause of Mays' condition as carpal tunnel syndrome.  She also noted potential for arthritis and neuropathy.  Nurse Baker advised Mays to comply with the treatment plan, i.e., take the prescribed medications as needed for pain relief, utilize the wrist braces, rest his extremities, stop smoking and return to the health care unit as needed.  *Doc. No. 18-1* at 6.  Nurse Baker noted that she would "consult [with] Dr. Doshi if no improvement [or] if symptoms worsen."  *Id*.  Nurse Baker issued a special needs profile to Mays for arm/wrist braces, keep on person for 180 days, and light duty for 14 days.  *Id*. at 24, 4.

    9. August 16, 2011 - Mays examined in health care unit for complaints of chronic intermittent numbness and pain in hands.  The attending nurse noted that Mays has "not been taking" his non-steroidal pain relievers.  *Doc. No. 18-1* at 5.  Mays was again prescribed medication for pain relief and advised to return to the medical clinic if his condition worsened.  *Id.*

    10.  August 30, 2011 - Mays received a special needs form ordering "[n]o use of vibrating tools, lawn mowers, etc.  No lifting above 15 lbs.  No repetitive lifting [for] 60 days."  *Doc. No. 18-1* at 23.

In addition, although Mays had continued access to various pain relievers on an as needed basis, the Medical Administration Records demonstrate that he sporadically reported to pill call to retrieve the medications.  *Exhibit A to the Defendants' Special - Doc. No. 18-1* at 38-44.

    It is clear from the evidentiary materials submitted by the defendants that medical personnel performed routine physical examinations of Mays regarding his complaints of pain and numbness in his hands.  An x-ray performed of Mays' cervical spine in April of 2011 indicated that his pain and numbness did not emanate from a cervical or disc impingement.  *Exhibit A to the Defendants' Special - Doc. No. 18-1* at 33.  Instead, Dr. Hood determined that  carpal tunnel syndrome or some other peripheral neuropathy presented as the most likely cause of Mays'

12

condition. *Id*. Based on review of Mays' medical records, physical examinations, the radiological findings and the fact that his complaints of pain/numbness were constant and unvaried, medical personnel determined that pain management constituted the proper course of treatment. From the time of his initial complaint of pain and continuing through the filing of the instant complaint, Mays had access to medications commonly used for pain relief, including Motrin and Tylenol, in an effort to alleviate his pain. He was also issued medical profiles for wrist braces, light duty, no use of vibrating tools and no heavy or repetitive lifting. Medical personnel continually encouraged Mays to take his prescribed medications as needed and to rest his extremities when necessary.

Under the circumstances of this case, the court concludes that the course of treatment undertaken by the defendants in addressing Mays' complaints of pain and numbness in his hands did not violate his constitutional rights. The medical care Mays received was certainly not "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to the fundamental fairness." *Harris*, 941 F.2d at 1505. The allegations presented by Mays simply fail to establish deliberate indifference by the defendants. *Garvin*, 236 F.3d at 898 (difference of opinion regarding manner in which condition should be treated fails to demonstrate a constitutional violation). As is the issue here, whether medical personnel "should have employed additional diagnostic techniques or forms of treatment 'is a classic example of a matter for medical judgment' and therefore not an appropriate basis" on which to ground constitutional liability. *Adams*, 61 F.3d at 1545-1546. In addition, an inmate's allegation that prison medical personnel did not diligently pursue alternative means of treating his condition "did not 'rise

beyond negligence'... to the level of deliberate indifference." *Id*.; *Hamm*, 774 F.2d at 1505 (inmate's desire for some other form of medical treatment does not constitute deliberate indifference violative of the Constitution); *Franklin*, 662 F.2d at 1344 (simple divergence of opinions between medical personnel and inmate-patient do not violate the Eighth Amendment).

It is undisputed that Mays received medical treatment for his complaints of pain and numbness and that medical personnel rendered treatment to Mays in accordance with their professional judgment. In addition, Mays has failed to present any evidence which indicates the defendants knew that the manner in which they provided treatment created a substantial risk to his health and that with this knowledge consciously disregarded such risk. The record is therefore devoid of evidence, significantly probative or otherwise, showing that the defendants acted with deliberate indifference to Mays' medical needs. Consequently, the court concludes that summary judgment is due to be granted in favor of the defendants on the claims presented by Mays. *Carter*, 352 F.3d at 1350; *Holifield*, 115 F.3d at 1564 n.6; *Harris*, 65 F.3d at 916.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED and ADJUDGED that:

1. The defendants' motion for summary judgment be GRANTED.

2. Judgment be GRANTED in favor of the defendants.

3. This case be DISMISSED with prejudice.

4. The parties shall each bear their own costs.

A separate Final Judgement will accompany this Memorandum Opinion and Order.

Done this 24th day of June, 2014.

                                /s/Charles S. Coody
                                CHARLES S. COODY
                                UNITED STATES MAGISTRATE JUDGE